## POOL v. COLUMBIA & GREENVILLE R. R. COMPANY.

1. A plaintiff may prove enough to carry his case to the jury, and yet by the admission of other testimony before closing, render a non-suit *in invitum* proper.
2. A consignee has no cause of action against a common carrier who refuses to deliver the goods consigned after being forbidden to do so by the consignor.
3. In action of claim and delivery by the consignee against the carrier, the evidence showing an order from the consignor to the carrier not to deliver, the judge properly ordered a non-suit and gave judgment against the plaintiff for the return of the goods, taken by plaintiff into his possession under bond in the action, or for the value thereof.

Before COTHRAN, J., Laurens, February, 1885.

This was an action by W. H. Pool against the Columbia & Greenville Railroad Company, commenced September 4, 1884. The opinion states the case. The appeal was brought upon the following exceptions :

I. Because the complaint alleged ownership and unlawful detention of the goods on the third and fourth days respectively. of September, 1884, and there was some evidence to sustain these allegations. II. Because neither the answer nor defendant's evidence justified the defendant's conduct in refusing to deliver the goods, but, if so, it was a matter. solely for the jury. III.. Because the goods were not in transit, but had reached their

destination, and were in the constructive possession of the plaintiff. IV. Because the statement agreed upon by counsel was only evidence for the defendant, and should have been submitted to the jury. V. Because the complaint should not have been dismissed on motion of non-suit by defendant's counsel, and judgment should not have been entered up against the plaintiff for the return of the goods or their value.

*Messrs. W. H. Martin* and *F. P. McGowan,* for appellant.

*Mr. J. C. Haskell,* contra.

July 21, 1885. The opinion of the court was delivered by

Mr. Chief Justice Simpson. These actions were brought to recover certain personal property in the possession of the defendant, and alleged by the plaintiff to belong to him. At the close of the plaintiff's testimony the defendant moved for a non-suit, which was granted, the court ordering the cause to be dismissed, and with leave to the defendant, on failure of the plaintiff to return the goods in question within five days, to enter judgment against the plaintiff for the sum of $363.67 in the one case, and for the sum of $448.17 in the other, with costs in both, it appearing that the plaintiff had taken possession of the goods under bond to prosecute the actions, and to return the goods upon failure of success.

The plaintiff has appealed upon several exceptions. These exceptions, however, raise but a single question, to wit, was the non-suit rightfully ordered? This court has held in several cases that a non-suit is demandable by the defendant in a case where there is total failure of evidence, either as to the whole case stated in the complaint, or as to any material part thereof. Was there such a failure here? The complaint alleged that the plaintiff was the owner of the goods and chattels mentioned in the complaint; that he was entitled to immediate possession; that defendant detained them after demand made, to the damage of the plaintiff $500. The answer admitted possession, but stated that the goods had been received by defendant as a common carrier from certain consignors in Richmond, Va., directed to the

plaintiff, but before the goods were demanded or delivered to said plaintiff, defendant was instructed by said consignors, Wingo, Ellett & Crump, not to deliver said goods to plaintiff.

The only witness examined was the plaintiff himself. It will be seen upon examination of this testimony that while some question might arise as to its force and effect, yet it was upon the point at issue. He said that he had bought the goods in question in the month of August, 1884; that they consisted of fifteen boxes of boots and shoes, of the value of $448.17, and also of a bill of hardware, valued at $363.67; that he was the owner thereof on September 4, 1884; that they were in the depot of defendant at Laurens C. H., and were consigned and addressed to him at Laurens C. H.; that he had demanded the goods from the agent, and had tendered the freight account; that the agent had refused to deliver, and then stated the custom prevailing at that point as to the delivery of goods by the agent to merchants—this being objected to by the defendant. This testimony certainly touched the issues raised in the complaint, and up to this point it could not be said that there was total failure as to the whole case, or as to any material part thereof.

Before, however, the plaintiff closed his testimony, a paper was read by the defendant's counsel—read by him, as stated, because it "was in his handwriting"—in which the counsel of the plaintiff admitted "that the defendant in the above cases held the goods  *  *  *  in obedience to orders to that effect from the shippers, Wingo, Ellett & Crump, Richmond, and Robinson, Lane & Co., Baltimore." Now, what effect did this admission have, coming, as it did, as a part of the plaintiff's testimony, or, at least, before the plaintiff had closed? Did it negative and destroy the other testimony of the plaintiff, and leave the case as if no such testimony had been offered? Did it negative such portion of said testimony as was applicable to some one or more of the material allegations in the complaint and leave such allegations wholly without evidence? If it had these effects, either the one or the other, then there was a total failure of evidence, and the non-suit was proper. The admission was not in conflict with the facts, either of ownership by plaintiff, of possession by defendant, of the demand made, nor of refusal to deliver. As to

these questions it had no effect, and the testimony which had been offered by the plaintiff bearing upon these questions still remained untouched.

It may be said, however, that one of the material allegations in the complaint was the alleged right to immediate possession, and that this admission, to wit, that defendants refused to deliver possession because they had been ordered by the shippers not to deliver, left that material allegation without any testimony to support it, and therefore the non-suit was right. Whether or not the plaintiff was entitled to immediate possession, was a question of law, dependent upon the facts of the case, to wit, ownership and the character of the defence. But it may be true that where a plaintiff alleges in his complaint facts constituting a cause of action, and offers testimony sufficient to entitle him to go to the jury thereon in the first instance, yet if he admits the defence relied on, and that defence be one which, if true, would as matter of law defeat his action, his case becomes a case where there is a total failure of evidence—that is, a total failure of evidence as to his legal right, and subjecting him to a non-suit. Let this be granted as to this case. Then the question arises, was the admission of the plaintiff below an admission of the kind suggested?

No doubt, the goods in question were in a condition to be subject to the doctrine of stoppage *in transitu.* That is, they had been ordered by the plaintiff from merchants in Richmond and Baltimore; they had been shipped by these merchants to the plaintiff in boxes marked in his name. The defendant was a common carrier, and had not yet delivered them to the plaintiff either actually or constructively, and if the shippers had the right to avail themselves of the doctrine of stoppage *in transitu,* the goods not having been delivered to the plaintiff, or put under his control, were in condition to be made subject thereto. Now, when does the right of stoppage *in transitu* attach to the vendor, and what is its effect when applied to goods in the hands of a carrier? Mr. Benjamin, in his work on sales, where he has discussed this doctrine fully, referring to numerous cases both English and American, says that "this right arises solely upon the insolvency of the buyer" (§ 1229), and in section 1243 he

repeats the same in these words : "The vendor can only exercise this right against an insolvent or bankrupt buyer." So that in a contest between the vendee and the vendor, where the vendor has attempted to exercise this right, he cannot vindicate his action unless he proves that at the time of its exercise the vendee was insolvent.

But how is it in a contest between the carrier in whose hands the goods have been arrested and the vendee, as was the case below ? And where a carrier is sued by the vendee for possession, what facts will justify him for having withheld the property? Mr. Benjamin says : "All that is necessary to stop the goods in the hands of the carrier is a simple notice from the consignor forbidding delivery to the vendee." He says the effect of this notice is to revest possession in the vendor, and if the carrier delivers after such notice to the vendee, he becomes liable to the vendor. § 1277, and the cases there cited in note. The carrier is not bound to know whether the consignor is exercising his right to stop delivery upon proper and legal grounds or not. All that he is bound to know is that the consignor has ordered a stoppage before delivering, and if so, his delivery afterwards becomes illegal.

If this be the law (and of this there seems no doubt), the refusal of a carrier to deliver, with an order in his hands from the consignor not to deliver, is a full protection to him, the refusal under such circumstances affording no cause of action against him to the vendee. As we have said, the order of non-delivery revests the possession of the property in the vendor in contemplation of law, and transfers the cause of action of the vendee for non-delivery from and against the carrier to and against the vendor. From this it follows that the defendant below had not only the right to refuse the demand of the plaintiff, but was legally bound to do so. And this fact appearing in the case by the admissions of the plaintiff, before the close of his testimony, it negatived and destroyed the inference proper from the other facts of the case in its absence, to wit, that the plaintiff had the right to immediate possession.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.